UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
TARELL McILWAIN,

                Plaintiff,

       -against-                            **COMPLAINT**

THE CITY OF NEW YORK; RAMU
HILLER, JEREMY RAMOS, SHAWN
WILKINSON, and UC #308,                **PLAINTIFF DEMANDS**

                  Defendants.        **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Tarell McIlwain, by his attorneys Lumer & Neville, as and for his

Complaint, hereby alleges upon information and belief as follows:


**PARTIES, VENUE and JURISDICTION**

       1.       At all times hereinafter mentioned, plaintiff Tarell McIlwain was an

adult male resident of New York County, in the State of New York.

       2.       At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

       3.       At all relevant times hereinafter mentioned, defendant Ramu Hiller

(Shield No. 362) was employed by New York City as a member of the NYPD and assigned

to the Manhattan North Narcotic Bureau ("MNNB"). Hiller is sued in his individual capacity.

4.      At all relevant times hereinafter mentioned, defendant Jeremy Ramos (Shield No. 285) was employed by New York City as a member of the NYPD and assigned to the MNNB. Ramos went by UC # 222 at the time of plaintiff's arrest and for much of plaintiff's prosecution but has since known by IC Ramos is sued in his individual capacity.

5.      At all relevant times hereinafter mentioned, defendant Shawn Wilkinson (Shield No. 2655) was employed by New York City as a member of the NYPD and assigned to the MNNB. Wilkinson is sued in his individual capacity.

6.      At all relevant times hereinafter mentioned, defendant UC # 308, whose true identity is known to the defendants but not to plaintiff, was employed by New York City as a member of the NYPD and assigned to the MNNB as an undercover officer. UC # 308 is sued in her individual capacity.

7.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

9.      A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

10.     The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

11.     At least thirty days have passed since plaintiff's service of his Notice of

Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

12.     Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

13.     On February 7, 2015, at or around 3:00 P.M., plaintiff and his brother were lawfully present on 142nd Street between Seventh and Lenox Avenues in Manhattan, New York.

14.     Neither the plaintiff nor his brother were engaging in any unlawful conduct, nor were they engaged in any conduct that could reasonably be viewed as unlawful.

15.     At this time, despite the absence of sufficient legal cause, plaintiff and his brother were seized and forcibly handcuffed by members of the NYPD, who either included or were acting on behalf of the individual defendants.

16.     Plaintiff was then thoroughly searched by NYPD officers at the scene, as was plaintiff's brother.

17.     The searches of both the plaintiff and plaintiff's brother did not yield any drugs, prerecorded buy money, or any type of contraband.

18.     Despite the continuing absence of probable cause, plaintiff was nonetheless taken into the defendants' custody and transported to a local NYPD station house.

3

19.     Once at the station house, plaintiff was subjected to a strip search which failed to yield any drugs, prerecorded money, or any type of contraband.

20.     After a period of several hours, plaintiff was taken to Manhattan Central Booking.

21.     While at Central Booking, plaintiff was again searched, and again, no drugs, contraband or any other evidence of criminality was found.

22.     While in defendants' custody, defendant Hiller, with the help and complicity of the other defendants, completed arrest paperwork in which he falsely claimed that the defendants had personally observed plaintiff engage in an illicit drug transaction with two other individuals.

23.     With the exception of defendant Hiller, who was by designation the arresting officer, each of the individual defendants falsely claimed to have witnessed plaintiff engage in the sale of crack cocaine.

24.     Defendant Hiller, on behalf of the individual defendants, forwarded these false allegations to the New York County District Attorney's Office ("NYDA") in order to justify plaintiff's arrest and persuade the NYDA to initiate plaintiff's criminal prosecution.

25.     Defendant Hiller knew by this time that his fellow officers' claims and allegations were materially false in light of the facts and circumstances known to him.

26.     These claims were materially false, and the individual defendants knew them to be false at the time they were made.

4

27.     The individual defendants made these fabricated, false, and otherwise misleading claims and accusations at the time of plaintiff's initial arrest, or adopted them thereafter, and continuously reiterated, repeated, maintained said claims and accusations throughout the course of the NYDA's prosecution of the plaintiff.

28.     Based on defendants' false allegations, the NYDA commenced plaintiff's criminal prosecution by filing a criminal complaint and later procuring plaintiff's indictment.

29.     From the arrest of the plaintiff until the presentation of evidence to the grand jury, the individual defendants knew and understood that the NYDA would rely on their false, fabricated, and otherwise misleading claims and allegations to commence and justify plaintiff's prosecution, with the intention of ultimately bringing about plaintiff's conviction.

30.     The individual defendants knew and understood that the NYDA, in evaluating whether to initiate, and then to maintain, a criminal prosecution against the plaintiff, was relying on the truthfulness of defendants' claims and was assuming that all of the defendants' factual statements and allegations were accurate in all material respects.

31.     As a result of the individual defendants' false, fabricated allegations, the plaintiff was indicted in New York County in February 2015 for the crime of Criminal Sale of a Controlled Substance in the Third Degree under Indictment No. 00599/2015.

32.     The plaintiff's prosecution continued well into September 2015 on the basis of defendants' fabricated and deceptive statements to the NYDA.

5

33.     Plaintiff had not engaged in any unlawful conduct on the day of the arrest, much less the conduct of which he stood accused by the individual defendants.

34.     The individual defendants were aware at the time of his arrest that plaintiff was not involved in the drug transaction which defendants claim to have witnessed.

35.     The false statements communicated by the individual defendants to the NYDA, both at the outset and throughout plaintiff's prosecution, were designed to implicate plaintiff in this drug transaction by falsely identifying plaintiff as one of the participants, with the ultimate goal of procuring plaintiff's conviction for this crime.

36.     On September 29, 2015, plaintiff was acquitted by a jury of all criminal charges and the prosecution terminated in plaintiff's favor.

37.     As a direct result of defendants' false and fabricated claims and allegations, plaintiff was incarcerated continuously by the defendants, from the date of his arrest on February 7 until his acquittal on September 29, 2015.

38.     At no time did any of the individual defendants, or any other member of the NYPD, take any steps to intervene in the plaintiff's arrest, or his subsequent imprisonment and prosecution, nor did they file any corrective statements or make any effort of any sort to correct the false statements they or their fellow officers had communicated to the NYDA, or to otherwise protect the plaintiff from any further harm caused by the defendants' knowing violation of his constitutional rights.

39.     At at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

6

## FIRST CAUSE OF ACTION

(Section 1983 Claims of False Arrest, Malicious Prosecution, and
Denial of a Fair Trial as to the Individual Defendants)

40.     Plaintiff repeats the allegations contained above as though stated fully herein.

41.     The individual defendants willfully and intentionally seized, arrested, and caused plaintiff to be imprisoned without probable cause, or any reasonable basis to believe probable cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct, despite a sufficient opportunity to do so.

42.     The individual defendants fabricated and withheld evidence, and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and subsequent prosecution by falsely claiming to have witnessed plaintiff's participation in a drug sale, or otherwise failed to intervene at any time during plaintiff's prosecution to halt or limit their fellow officers' unconstitutional conduct which was causing plaintiff's continued confinement and prosecution.

43.     The individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) denial of due process and the right to a fair trial through the fabrication of evidence, and (iii) malicious prosecution, thereby violating, or aiding and abetting in the violation of, plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

44.     To the extent that any of the individual defendants did not directly engage in this unconstitutional conduct, each and every such officer was aware of such

conduct by his fellow officers, and yet consciously failed to make any effort, despite ample time and opportunity to do so, to intervene or otherwise put a stop to the aforementioned misconduct and violation of plaintiff's constitutional rights, by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct their fellow officers' misconduct or protect plaintiff from further harm.

45. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claims for False Arrest, Malicious Prosecution, and Denial of a Fair Trial as to All Defendants)

46. Plaintiff repeats the allegations contained above as though stated fully herein.

47. Plaintiff was subjected to false arrest and false imprisonment when he was intentionally, willfully, maliciously, and/or with reckless disregard, seized, searched, and arrested without probable cause by members of the NYPD, either including or acting on behalf of the individual defendants.

48. Plaintiff was subjected to malicious prosecution and the denial of due process and his right to a fair trial when he was prosecuted without probable cause on the basis of evidence and testimony fabricated by the individual defendants.

49. The municipal defendant, the City of New York, is vicariously liable to

plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

50.     Therefore, the individual defendants are liable to plaintiff under state law, for (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due process and the right to a fair trial; as is the municipal defendant under the principle of respondeat superior.

51.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii.     Actual damages against the municipal defendant in an amount to be determined at trial;

iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.     such other relief as the Court deems just and proper.

Dated:   New York, New York
         April 22, 2016

                         LUMER & NEVILLE
                         Attorneys for Plaintiff
                         225 Broadway, Suite 2700
                         New York, New York 10007
                         (212) 566-5060


By: _____
    Michael B. Lumer (ML-1947)

10